


# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>**FERNANDO CABRERA-MEJIA, et al.,**<br><br>Debtors. | Case No.: LA08-13505SB<br><br>*(consolidated)*<br><br>Chapter 7<br><br>**OPINION ON SANCTIONS**<br><br>Date: July 8, 2008<br>Time: 2:00 p.m.<br>Ctrm: 1575<br>Floor: 15th |

### I. Introduction

This case raises the issue of whether, and to what extent, the court should impose sanctions on a law firm for filing twenty-one relief from automatic stay motions in chapter 7 cases with no competent evidence to support any of the motions and no intent to proceed to a hearing on the merits of the motions.

Under the facts of these cases, the court finds that Pite Duncan LLP ("Pite") filed twenty-one relief from stay motions in bad faith and with the improper purpose of delaying and increasing the costs of litigation. The court further finds that Pite knowingly or recklessly filed the motions with no adequate evidentiary support.

Pursuant to Rule 9011(b)(1)[1] and (3), § 105(a) and the court's inherent authority, the court orders that Pite pay sanctions to the court in the amount of $1000 for each motion filed after April 1, 2008, for a total of $21,000. This payment is due thirty days from the date of entry of this order.

### II. Relevant Facts

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C.A. §§ 101-1532 (West 2008) and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

1

## A. Background

In 2007, the court's attention was called to increasing foundational defects in declarations filed with relief from stay motions in chapter 7 cases involving real estate. The supporting declarations often appeared insufficient to establish the competency of the declarant as a witness, and to lay the required foundation for the admission of the evidence. For example, while the declarations contained information that was likely retrieved from computer-generated business records, the declarations usually failed to make a prima facie showing of the declarants' competency to testify to such matters under applicable case law. *See In re Vinhnee*, 336 B.R. 437, 444 (9th Cir. B.A.P. 2005).

As a result, subsequent to the filing of each motion for relief from stay involving real estate, the court issued an order for each declarant in the accompanying declaration to appear to testify.[2]

## B. Pite's Actions

Between December 21, 2007 and May 5, 2008, Pite filed forty-one motions for relief from the automatic stay with this court on behalf of home mortgage creditors.[3] Twenty motions were filed before April 1, 2008 ("the first group"); the remaining twenty-one were filed after April 1, 2008 ("the second group").

In response to the court's orders for declarants to appear and testify, Pite commenced a suspicious pattern of filing and then withdrawing such motions. By the end of March 2008, Pite had withdrawn eight of the motions in the first group, and had received orders for witnesses to appear and testify in twelve other first group motions that were subsequently withdrawn. In consequence, the court finds, Pite was on notice when it filed the second group of motions that the declarants would be required to appear and testify. Nonetheless, in April and May 2008 Pite filed the twenty-one motions in the second group and, after the court issued orders for declarants to appear and testify, withdrew all but the two that were denied.

Overall, Pite withdrew thirty-eight out of forty-one motions filed with this court. With two exceptions, all of the motions were withdrawn within a week of the hearings on the motions, even though all were filed at least 24 days before the scheduled hearings (as required by local rule). By the time the withdrawals were filed, the court had expended substantial time and effort in preparing for the hearings.

The late withdrawal of a relief from stay motion has an important impact on the court. Both the clerk's office and chambers staff put a lot of work into preparing for a relief from stay hearing. Because of the late date on which the motions were withdrawn, in almost all cases the work was completely done before the withdrawal became known in chambers.[4] This resulted in a large waste of valuable staff time that could have been put to good use on other cases pending in the court.

On numerous occasions, Pite requested a continuance so that the witness could make travel plans to appear and testify. Pite failed to produce a single witness

---

[2] The court continues to issue such orders.

[3] The cases in which the twenty-one motions were filed, and their dates are listed in Appendix A hereto.

[4] Each motion was set for hearing on a Tuesday. Thus no motion was withdrawn either two or three days before the hearing, because these were weekend days. Four motions were withdrawn the day before the hearing, four were withdrawn the Friday before the hearing, four were withdrawn the Thursday before the hearing, two were withdrawn the Wednesday before the hearing, and three were withdrawn a week in advance. Of the remaining two motions, one was withdrawn eight days before the hearing, and other was withdrawn 12 days in advance. Counsel never informed the court of the withdrawal of a motion, apart from filing the withdrawal electronically: in consequence, court and chambers staff continued to work on the motions notwithstanding the filing of the notice of withdrawal.

2

pursuant to such a request. From the failure ever to produce a witness, the court infers that Pite knew, at the time each such request was made, that the witness would not appear to testify. The court finds that each such request was made in bad faith.

Eventually, to protect the integrity of the court and the bankruptcy process, the court issued an order ("OSC") to Pite on June 2, 2008 (and amended on June 5, 2008) to appear and to show cause why it should not be sanctioned for filing relief from stay motions with no intent to proceed to a hearing on the merits.[5] The OSC ordered Pite to appear and to show cause why the court should not sanction it with respect to the twenty-one motions that it filed between April 1, 2008 and May 6, 2008.

Pite filed a response with thirteen supporting declarations. The declarations attempted to establish that (1) the declarants were competent to testify as to the matters set forth in the declarations in support of motions for relief from stay, and (2) Pite did in fact intend to prosecute the subject motions on the merits. Because none of the declarations appeared sufficient to accomplish either of the two objectives, the court ordered all thirteen declarants to appear in person and testify at the July 8 hearing.

All thirteen declarants appeared at the hearing.[6] Three declarants testified as to their knowledge of the matters discussed in their respective declarations, and each admitted to relying on computer-generated business records to obtain such information. Each declarant failed to provide any testimony to support the declarant's competence to testify with respect to such records. After the testimony of the three declarants, Pite made an offer of proof (which was accepted by the court) that the testimony of the ten remaining declarants would be substantially the same, and would not be different from the first three in any material respect.

Pite failed to learn its lesson: three months later, Pite appeared on two more occasions and withdrew motions on the hearing dates,[7] after the court had again issued orders to produce its witnesses for testimony and had completed all of the work in preparation for the hearings.

### III. Analysis

---

[5] The order also required that Pite's clients show cause why sanctions should not be imposed on them as well. The following parties were named in the OSC: Pite, Deutsche Bank National Trust Co. as trustee for Soundview Home Loan Trust 2006-WF1; Encore Credit Corp.; Moneyline Lending Service, Inc.; Option One Mortgage Corporation; JP Morgan Chase Bank, N.A.; Golden Empire Mortgage, Inc.; U.S. Bank National Association, Trustee for Lehman Brothers Structured Asset Investment Loan Trust Sail 2005-5; Casa Blanca Mortgage Inc.; Indymac Bank, F.S.B.; Wachovia Mortgage; Homecomings Financial, LLC; Just Mortgage Inc.; DB Home Lending, LLC; First Franklin; Wells Fargo Bank, N.A.; Argent Mortgage Company, LLC; Wilmington Finance; Suntrust Mortgage, Inc.; Washington Mutual Bank. At the hearing on July 10, 2008, the court discharged the order as to the clients, for lack of sufficient evidence that they acted improperly. See, e.g., Caldwell v. Farris (In re Rainbow Magazine, Inc.), 136 B.R. 545, 554 (9th Cir. B.A.P. 1992) (noting that, "[w]here the client is unsophisticated and the actions arise from a misreading of or failure to research the applicable law, sanctions have been imposed solely on counsel").

[6] Subsequent to the issuance of the OSC, six creditors substituted Wolfe & Wyman LLP for Pite. One of the thirteen declarants appeared on behalf of the six creditors: GMAC Mortgage, LLC; Homecomings Financial LLC; Wilmington Trust; Suntrust Mortgage, Inc.; New Century Mortgage Corp.; and Casa Blanca Mortgage, Inc. dba Shearson Mortgage.

[7] Pite appeared on October 21, 2008 in In re Mary Autera, case no. 08-12506, and on October 7, 2008 in In re Dornzell Johnson, case no. 08-20936. In both cases, Pite failed to produce its witness as ordered by the court. In both cases, Pite requested dismissal at the hearing, and gave no advance notice of its intent.

The OSC required Pite to show cause why sanctions should not be imposed on it in the amount of $5,000 per case "for filing relief from stay motions, as to which you were . . . counsel, with no intent to proceed to a hearing on the merits . . . ."[8] The order further specified that the lack of intent appeared from "the failure to produce a witness, as required by Local Rule 9013-1(a)(13)(A) and court orders issued pursuant thereto in each of these cases, and the subsequent withdrawal (or attempted withdrawal) of each motion before or at the hearing on the merits."

The OSC stated that it rests on four grounds: (a) the court's inherent authority to impose sanctions for misconduct before the court; (b) § 105(a); (c) 28 U.S.C. § 1927;[9] and (d) Rule 9011(b)(1) and (3). The OSC consolidated the twenty-one cases involved herein for the purposes of the show cause order and hearing.

Sanctions are not warranted where the claimant's evidence is merely weak. *See, e.g., Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). However, the declarants' uniform refusal to provide any testimony in support of their computer-generated evidence prevents Pite from taking advantage of this rule.

**A. Rule 9011**

---

[8] The OSC was also issued to each of Pite's clients who were the moving parties on the motions here at issue. At the hearing, the court discharged the OSC as to the clients, on the grounds that there was insufficient evidence that any of them, in contrast with Pite, had acted improperly. The court does not find that any of the clients is blameless, but only that the evidence is insufficient for the imposition of sanctions.

[9] The court declines to use § 1927 as a basis for imposing sanctions, notwithstanding that Pite has not opposed the imposition of sanctions under this statute.

The court first turns to Rule 9011,[10]

---

[10] Rule 9011 provides in relevant part:

(b) Representations to the court

By presenting to the court (whether by signing, filing, submitting, or later advocating) a . . . written motion . . ., an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

. . .

(3) the allegations and other factual contentions have evidentiary support . . . .

(c) Sanctions

If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys [or] law firms . . . that have violated subdivision (b) or are responsible for the violation.

(1) How initiated

. . . .

(B) On court's initiative

On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

which authorizes the imposition of sanctions on a party (and not only on the party's attorney) if that party or its attorney files a paper with the court (a) for an improper purpose (such as to harass or to cause unnecessary delay or needless increase in the cost of litigation), or (b) that makes claims, defenses or other legal contentions that are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Rule 9011 is the bankruptcy counterpart to Federal Rule of Civil Procedure 11: thus, caselaw interpreting Rule 11 is applicable to Rule 9011. *See* 10 COLLIER ON BANKRUPTCY ¶ 9011.02 (Alan N. Resnick & Henry J. Sommer eds, 15th ed. rev. 2008).

Rule 9011 (like Rule 11) imposes three obligations on an attorney:

> First, the attorney must conduct a reasonable inquiry to determine that the document is well grounded in fact. Second, the attorney must conduct a reasonable inquiry to determine that the positions taken are warranted by existing law or as good faith arguments for extension or modification of existing law. Third, the document must not be filed for any improper purpose.

*Jackson v. O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989). Thus Rule 9011 sanctions are warranted when a party files a pleading that (a) has no reasonable factual basis; (b) is based on a legal theory that that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (c) is filed in bad faith or for an improper purpose.

The purpose of Rule 9011 is to reduce frivolous claims, defenses or motions, and to deter costly meritless maneuvers. *See, e.g., Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (citations and quotation marks omitted). It establishes an objective standard: whether a reasonable attorney in like circumstances could believe that the actions were factually and legally justified. *See Baker,* 158 F.3d at 524.

The factors that a court should consider in deciding whether to impose sanctions under Rule 9011 include: whether the improper conduct was willful or negligent; whether it was part of a pattern of activity or an isolated event; whether it infected the entire pleading or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether the conduct was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law.[11]

### 1. Improper Purpose

In determining whether a party has violated Rule 9011, a court must consider both frivolousness and improper purposes on a sliding scale. "[T]he more compelling the showing as to one element, the less decisive

(2) Nature of sanction; limitations

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include . . . an order to pay a penalty into court . . . .

(3) Order

When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

---

[11] *See* FED. R. CIV. P. 11, Advisory Committee Notes.

need be the showing as to the other." *In re Marsch*, 36 F.3d 825, 830 (9th Cir. 1994).

Filing a motion with no intent to proceed to a hearing on the merits violates Rule 9011. Rule 9011(b)(1) provides that "[b]y presenting to the court . . . [a] written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose . . . ." According to Rule 9011(b)(1), examples of improper purposes include (but are not limited to) harassing, causing unnecessary delay, or needlessly increasing the costs of litigation. Improper purpose may be shown by excessive persistence in pursuing a claim or defense in the fact of repeated adverse rulings. *See, e.g., Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte*, 141 F.3d 1434, 1448 (11th Cir. 1998).

A court may infer the purpose of filing a motion from its consequences such as creating "a persistent pattern of abusive litigation." *See, e.g., Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1476 (9th Cir. 1988). Likewise, evidence of a pleading's frivolousness may "in circumstances that warrant it infer that it was filed for an improper purpose." *See, e.g., Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1365 (9th Cir. 1990). Ultimately, the purpose of Rule 9011 is "to deter baseless filings in district court" and streamline litigation. *See, Cooter v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

In its actions of repeatedly filing and withdrawing (or attempting to withdraw) motions with no intent to proceed to a hearing on the merits, Pite displays "a pattern of abusive litigation activity." *Aetna*, 855 F.2d at 1476.

For all twenty motions in the first group, filed between December 21, 2007 and April 1, 2008, the court ordered that the declarants appear at the hearing to testify. The court makes no finding that any of these motions were filed for an improper purpose. The court treats them as learning experiences for Pite.

However, Pite refused to learn. The court finds that, by the end of March 2008, Pite clearly had notice of the court's requirement for declarants to appear at the hearings on relief from stay motions involving real estate and knew of the expenses involved in prosecuting such motions.

Pite did not make any reasonable inquiry into the likelihood of success of the motions in light of the court's requirements *before* making the filings. Instead, Pite admits that it was only *after* the issuance of orders to appear and testify that it began to research and analyze the likelihood of success of the motions.

If Pite had responsibly made a reasonable inquiry into the likelihood of success of the motions *prior* to the filings, it could not in good faith have filed the motions here at issue. First, Pite admits that, at the time it filed the motions, it anticipated imminent termination of the automatic stay by the operation of law. Second, Pite knew the level of difficulty of satisfying the evidentiary requirements for the witness: Pite states that, "in preparing for the upcoming hearings, Pite Duncan evaluated the requirements for authenticating electronic business records pursuant to the stringent evidentiary standard set forth in *In re Vinh[n]ee*." It follows that, by April 1, 2008, after having researched and analyzed the likelihood of success for twenty such motions, Pite knew of the expenses required to satisfy the evidentiary requirements. Nevertheless, Pite knowingly or recklessly neglected to make any inquiry into competency of its declarants before filing the second group of motions after April 1, 2008.

The declarants who testified in court complained of the expense in bringing witnesses to court to testify. The court finds that bringing the declarants to testify in court is not prohibitively expensive. The motions here at issue each involved debts of several hundred thousand dollars. The travel expenses of bringing a witness to testify would rarely exceed $1000, particularly given that the court was generous in granting continuances in a number of the motions to permit the declarants to make travel plans. Expending $1000 (or even $2000) to pursue a claim of several hundred thousand dollars is clearly not prohibitive. Indeed, such an expense barely exceeds the legal fees and costs for the relief from stay motion itself.

"If a court finds that a motion . . . is filed in the context of a persistent pattern of clearly abusive litigation activity, it will be

deemed to have been filed for an improper purpose and sanctionable." *Aetna*, 855 F.2d at 1476. Pite's filing the twenty-one motions in the second group, with full knowledge of this court's evidentiary requirements, and subsequently withdrawing almost all of the motions once ordered to comply with these requirements, constituted abusive litigation activity. Accordingly, the court finds that the second group of motions was filed for an improper purpose in violation of Rule 9011.

### 2. Inadequate Evidentiary Support

Rule 9011(b)(3) extends the attorney's certification to include that "the allegations and other factual contentions have evidentiary support . . . ." Thus, before filing evidentiary support for a motion, an attorney has an obligation under Rule 9011(b)(3) to determine that the evidence is admissible, or at least that there is a good faith argument for its admissibility.[12]

Simply completing the mandatory court form of declaration for a relief from stay motion[13] may be insufficient to satisfy this rule. If the form declaration is not sufficient, the moving party is required to supplement the declaration (and, if necessary, to line out inapplicable parts).

Pite did not begin to investigate the legal requirements for admission of the evidence provided in the declarations until after most of them had been filed. Thus Pite failed to satisfy its investigatory obligations under Rule 9011(b)(3). If Pite had conducted an inquiry beforehand, it would have learned that many, if not all, of the declarants were not competent to testify to at least some of the facts included in their respective declarations.

The live witness testimony of the declarants at the OSC hearing confirmed that the motions lacked adequate evidentiary support at the time of filing. For example, Kristy Wagner, a declarant employed by Wachovia Mortgage, offered nothing but her job title (department manager) as a qualification for her competency to testify as a witness to the factual contentions underlying her declaration. Similarly, Norman Shaw, a declarant employed by Washington Mutual, merely stated his job title (vice president) when asked why he was competent to testify to the factual contentions in his declaration. Pite's offer of proof that the remaining declarants would only provide similar testimony shows that all of the declarants were unable to provide admissible evidence to support the computer-generated evidence. *See, In re Vinhnee*, 336 B.R. 437, 444 (9th Cir. B.A.P. 2005).

In consequence, the court finds that none of the twenty-one motions in the second group was supported by admissible evidence. Filing a motion without adequate evidentiary support is a violation of Rule 9011(b)(3), and justifies the imposition of sanctions.

### B. Section 105(a) and Inherent Powers

Section 105(a) grants broad authority to bankruptcy courts to enforce the provisions of the U.S. bankruptcy code. *See, e.g., In re Evergreen Sec. Ltd.*, 381 B.R. 407, 415 (Bankr. M.D. Fla. 2007). Pursuant to § 105(a), the court has the inherent power "to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This power includes the power to address wrongful conduct, such as bad faith or unreasonable, vexatious conduct, by any party or representative that

---

[12] Rule 9011(b)(3) also permits an attorney to make factual allegations that are likely to have evidentiary support after a reasonable investigation or discovery. This provision is not applicable in this case for two reasons. First, the party relying on this alternative must so specify in the motion, which Pite did not do. Second, this provision is not applicable to an affidavit or a declaration under penalty of perjury, which each of these cases involves.

[13] In this district, relief from stay motions must be made with mandatory court forms. The form for residential real estate requires the movant to attach a copy of the promissory note and mortgage (or deed of trust) to show the debt and its secured status. The form also requires that the movant complete and attach a separate declaration form to provide evidentiary support for the motion and to establish that the declarant is competent to testify to the matters set forth therein.

7

has appeared before the court. *Evergreen*, 381 B.R. at 415.

The court has the authority to take action *sua sponte* to prevent abuse of the bankruptcy process. Section 105(a) provides: "No [bankruptcy code] provision . . . providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to . . . prevent an abuse of process;" *In re Parsley*, 384 B.R. 138, 172-73 (Bankr. S.D. Tex. 2008) (citing § 105(a) in support of its sua sponte order to show cause against Countrywide after an attempt to withdraw a single relief from stay motion).

In addition, all federal courts, including bankruptcy courts, have inherent powers to enforce their orders and judgments. *See, e.g., Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996) ("By providing that bankruptcy courts could issue orders necessary 'to prevent an abuse of process,' Congress impliedly recognized that bankruptcy courts have the inherent power to sanction"); *In re Haque*, 395 B.R. 799, 803 (Bankr. S.D.Fla. 2008) ("The Court's power to sanction resides both in 11 U.S.C. § 105(a) and in the inherent power of the federal courts to sanction improper conduct.") (citations omitted).

The enforcement of a court order or judgment is ordinarily exercised through a court's contempt power -- the power of the court to hold a person (who may or may not be a party to a proceeding in the court) in contempt for not obeying an order of the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("[I]t is firmly established that '[t]he power to punish for contempts is inherent in all courts.'") (citations omitted); *Jove Engineering, Inc. v. I.R.S.*, 92 F.3d 1539, 1553 (11th Cir. 1996) (holding that "§ 105 creates a statutory contempt power in bankruptcy proceedings, distinct from the court's inherent contempt powers").

The court finds that Pite knowingly or recklessly filed motions containing inadequate evidentiary support. Further, it filed motions with the improper purposes of delaying and increasing the costs of litigation. In addition to causing detriment to Pite's own clients, Pite's filings unnecessarily drained the court's time and resources. Thus, Pite filed the motions in bad faith.

Thus, pursuant to § 105(a), the court has the inherent power to exercise authority where necessary to protect the integrity of the bankruptcy process. Accordingly, sanctions in this case are supported by § 105(a) and the court's inherent power, as well as by Rule 9011.

### C. Amount of Sanctions

A bankruptcy court has wide discretion in determining the appropriate sanction under Rule 9011. *See, e.g., Caldwell v. Farris (In re Rainbow Magazine, Inc.)*, 136 B.R. 545, 555 (B.A.P. 9th Cir. 1992). When imposing sanctions pursuant to Rule 9011 and § 105 the court should impose sanctions that are "appropriate" and the least severe to adequately deter the acts of bad faith. *See, e.g., id.* ("[A] court should impose the least severe sanction likely to serve Rule 11's principal goal-deterrence."); *Jackson v. O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989) ("because deterrence, not compensation, is the principal goal of Rule 11, courts should impose the least severe sanction that is likely to deter"); *In re Boyd*, 143 B.R. 237, 242 (Bankr. C.D. Cal. 1992) ("In determining the . . . amount of sanction, the court's discretion must be guided by the reasonableness of the sanction requested and by the least severe sanction necessary to serve the principal goal of Rule 9011."). Thus, the court should consider what amount is needed to deter Pite from repetition of the same conduct, and what amount is needed to deter similar activity by other litigants.

In the context of motions for relief from stay, courts have imposed harsh sanctions on counsel and its clients for

8

supporting the motions with "unrefined and unexamined form pleadings, instead of . . . carefully considered legal papers." *In re Haque*, 395 B.R. at 805 (imposing jointly and severally on the creditor and its law firm sanctions in the amount of $2,114.10 for each of 45 false affidavits, prepared and filed by the firm and signed by the client, falsely claiming entitlement to default interest, for a total sanction of $95,130.45); *Nosek v. Ameriquest Mortgage Co. (In re Nosek)*, 386 B.R. 374 (Bankr. D. Mass. 2008) (sanctioning the lender $250,000, the lender's local counsel $25,000 and the lender's national counsel $100,000, where the lender had misrepresented in its motion that it was the holder of the note).[15]

Pite's actions were not a matter of insufficient notice of the court's requirements. Prior to filing the second group of motions, Pite fully knew of the court's evidentiary requirements and the costs of satisfying such requirements. Indeed, Pite filed half of all of the real estate relief from stay motions received by this court during that time period.

At the OSC hearing, Pite claimed it had modified its practices and would not file motions unless it is assured its clients can and will present its declarants at the hearings. This is not true. Pite has recently appeared in this court on two occasions to withdraw motions for relief from stay, after the court had issued orders for the declarants to appear to testify. Again, each motion was withdrawn on the date of the hearing, after the court had completed all preparatory work. As such, Pete's conduct goes beyond the "sloppy and unprofessional" conduct of attorneys in *In re Hague*, 395 B.R. at 803: it amounts to a knowing and systematic disregard of the court's requirements committed in bad faith.

---

[15] *See also Parsley*, 384 B.R. at 180-81, where the court found that the movant acted in bad faith in a single motion for relief from stay by misrepresenting to the court that the motion was a "good motion" when in fact it contained factual inaccuracies about the charges made on the loan at issue. However, the court declined to impose sanctions in light of corrective measures taken by the firm. *Id.* at 182.

Pite's acts of filing each of the motions in the second group with no intent to proceed to a hearing on the merits caused unnecessary delay to chapter 7 debtors and needless cost of litigation to creditors in twenty-one cases. In addition, it required the court to expend substantial time and resources in preparation for each hearing before the motion was withdrawn. The court reserved numerous hearing dates for Pite to produce witnesses as ordered by the court. Pite failed to present a single witness at any of the hearings. The court concludes that Pite filed the motions in bad faith and with no intent to proceed to a hearing on the merits, and should be sanctioned accordingly.

Taking account of the relevant standards and all of the facts and circumstances of these consolidated cases, the court finds that sanctions the amount of $1000 per motion is the least severe sanction necessary to deter Pite and others similarly situated from making abusive filings in the future. Accordingly, Pite is ordered to pay to the court $1,000 for each motion in the second group, for a total of $21,000.

### IV. Conclusion

The court finds that Pite filed twenty-one relief from stay motions with no intent to proceed to a hearing on the merits, in violation of Rule 9011 and § 105. Pite's repeated filings of needless motions led to delays in the resolution of debtors' chapter 7 cases, increased costs to the debtors and creditors, and a substantially increased burden on the court. In consequence, the court finds that Pite filed the motions for improper purposes in violation of Rule 9011(b)(1).

The court further finds that Pite knowingly or recklessly filed the motions without adequate evidentiary support in violation of Rule 9011(b)(3), because the declarations filed with these motions were not competent to show that relief from stay was warranted. The court further finds that Pite's actions amounted to bad faith conduct in violation of § 105(a).

Accordingly, the court imposes sanctions in the amount of $1000 per motion for a total of $21,000. The court further orders that Pite pay this amount to the court within thirty days of the entry of this order.

Dated: December 23, 2008

_____
Hon. Samuel L. Bufford
United States Bankruptcy Judge

**CERTIFICATE OF MAILING**

I certify that a true copy of this **OPINION RE SANCTIONS** was mailed on 12/23/08 to the parties listed below:

Steven W. Pite, Esq.
David E. McAllister, Esq.
Eddie R. Jimenez, Esq.
Daniel L. Hembree, Esq.
Alison J. Maloof, Esq.
Brian A. Paino, Esq.
Pite Duncan LLP
4375 Jutland Drive
San Diego, California 92117

U.S. Trustee
Department of Justice
725 South Figueroa Street
26th Floor
Los Angeles, California 90017

Dated: 12/23/08

_____
DEPUTY CLERK

11

**Pite Duncan, LLP: Motions for Relief of Stay**

| Case No. | Debtor | Movant | Date Filed | Date of Hearing | Date of Order | Disposition |
|---|---|---|---|---|---|---|
| 08-13131 | Nery Walter Son | Suntrust Mortgage, Inc. | 5/05/08 | 6/03/08 | 5/08/08 | Withdrawal filed 5/30/08 |
| 08-14709 | Gabriel Raul Cabrera and Maria Lara Cabrera | Washington Mutual Bank | 5/06/08 | 6/03/08 | 5/13/08 | Withdrawal filed 5/30/08 |
| 08-12195 | Reginald Tinsley | Wilmington Finance | 4/30/08 | 05/27/08 | 5/08/08 | Withdrawal filed 5/22/08 |
| 08-14915 | David Cardenas and Idalia Maldonado | Wells Fargo Bank, N.A. | 4/28/08 | 05/27/08 | 5/08/08 | Withdrawal filed 5/23/08 |
| 08-15000 | Lawrence Martin Villalobos and Rene Rose Newell-Villalobos | Argent Mortgage Company, LLC | 4/29/08 | 05/27/08 | 5/08/08 | Withdrawal filed 05/22/08 |
| 07-19023 | Deatra Clinton, Jr. | Wachovia Mortgage, fka World Savings Bank, FSB | 4/17/08 | 5/20/08 | 5/08/08 | Withdrawal filed 5/14/08 |
| 08-10454 | Ronnita V. Darnell | U.S. Bank Nat'l Ass'n, Tr. for Lehman Brothers Structured Asset Inv. Loan Trust Sail 2005-5 | 4/16/08 | 5/20/08 | 4/28/08 | Withdrawal filed 5/13/08 |
| 08-12279 | Roberto M. Menezes and Olivia P. Menezes | New Century Mortgage Corporation | 4/11/08 | 5/20/08 | 4/25/08 | Withdrawal filed 5/13/08 |
| 08-12337 | James Z. Pescasio | DB Home Lending, LLC | 4/24/08 | 5/20/08 | 5/13/08 | Denied on 5/20/08 Order 5/23/08 |
| 08-12432 | Edgardo C. Glinoga and Helen M. Glinoga | Casa Blanca Mortgage, Inc., dba Shearson Mortgage | 4/16/08 | 5/20/08 | 4/28/08 | Withdrawal filed 5/19/08 |
| 08-12648 | Haenam David Lee | Just Mortgage, Inc. | 4/21/08 | 5/20/08 | 4/24/08 | Withdrawal filed 5/08/08 |
| 08-13172 | Jose Fidencio De La Rosa | Option One Mortgage Corporation | 4/10/08 | 5/20/08 | 4/28/08 | Withdrawal filed 5/14/08 |
| 08-13248 | Sergio Leal | Indymac Bank, FSB | 4/16/08 | 5/20/08 | 4/24/08 | Withdrawal filed 5/15/08 |
| 08-13350 | Charr Antuan Gahagan and Brandye Michell Gahagan | JP Mortgage Chase Bank, N.A. | 4/11/08 | 5/20/08 | 4/24/08 | Order denied on 5/23/08 |

1

| Case No. | Debtor | Doc. No. | Date Filed | Date of Hearing | Date of Order | Disposition |
|---|---|---|---|---|---|---|
| 08-13643 | Marian Lajuan Sparling; Re: 3466 North Greenbrier Road, Long Beach, California 90808; $150k | Homecomings Fin., LLC, fka Homecomings Fin. Network, Inc. | 4/17/08 | 5/20/08 | 4/24/08 | Withdrawal filed 5/13/08 |
| 08-13643 | Marian Lajuan Sparling; Re: 3466 North Greenbrier Road, Long Beach, California 90808; $566k | Homecomings Fin., LLC, fka Homecomings Fin. Network, Inc. | 4/30/08 | 5/27/08 | 5/08/08 | Withdrawal filed 5/22/08 |
| 08-13771 | De Jaun Blackburn | First Franklin A Division of Nat. City Bank IN | 4/28/08 | 5/20/08 | 5/13/08 | Withdrawal filed 5/12/08 |
| 08-13986 | Rene A. Cruz | Golden Empire Mortgage, Inc. | 4/11/08 | 5/20/08; 5/27/08 | 4/24/08; 5/22/08 | Withdrawal filed 5/23/08 |
| 08-11531 | Rocky Lyn Edwards; Re: 6245 Huntington Ridge Avenue, Las Vegas, Nevada 89139 | Alliance Bancorp | 2/29/08 | 4/01/08 | 3/20/08 | Granted on 4/03/08 |
|  | Rocky Lyn Edwards; Re: 1037 Arroyo Verde Road, #G, Pasadena, California 91030 | Encore Credit Corp. | 4/04/08 | 4/29/08 | 4/21/08 | Withdrawal filed 4/28/08 |
| 08-11613 | John Allen Youngblood | Wells Fargo Bank, N.A. as Tr. for the MLMI Trust Series 2006-WMC1 | 3/26/08 | 4/29/08 | 4/24/08 | Withdrawal filed 4/28/08 |
| 08-11791 | Edgar Florian | Wash. Mutual Bank, F.A. | 3/06/08 | 4/08/08 | 3/31/08 | Withdrawal filed 4/28/08 |
| 08-11939 | Susi R Zecena | Moneyline Lending Serv., Inc. | 4/04/08 | 4/29/08 | 4/21/08 | Withdrawal filed 4/28/08 Denied 5/08/08 |
| 08-13505 | Fernando Cabrera-Mejia | Deutsche Bank Nat'l Trust Co., as Tr.for Soundview Home Loan Trust 2006-WF1 | 4/03/08 | 4/29/08 | 4/24/08 | Withdrawal filed 4/28/08 |

2

| Case No. | Debtor | Doc. No. | Date Filed | Dates of Hearing | Date of Order | Disposition |
|---|---|---|---|---|---|---|
| 06-15911 | Lorece Wright | SCME Mortgage Bankers, Inc. | 1/31/08 | 3/11/08; 4/29/08 | 2/12/08 | Denied on 5/09/08 |
| 07-20408 | Daryll John Stevens and Serena Fawn Stevens | Fin. Am., LLC | 1/31/08 | 3/11/08; 4/29/08 | 2/12/08 | Withdrawal filed 4/24/08 |
| 08-10768 | Cynthia Ann Kalina | LaSalle Bank Midwest, NA | 3/14/08 | 4/08/08 | 3/31/08 | Withdrawal filed 4/17/08 |
| 08-11640 | Anita Marie Clark | Wells Fargo Bank, N.A. | 3/12/08 | 4/08/08 | 3/31/08 | Withdrawal filed 4/23/08 |
| 08-11791 | Edgar Florian | Wash. Mutual Bank, F.A. | 3/06/08 | 4/08/08 | 3/31/08 | Withdrawal filed 4/28/08 |
| 08-11612 | Daniel Mucu and Sayra Leon | New Century Mortgage Corp. | 2/28/08 | 4/01/08; 5/20/08 | 3/20/08; 5/13/08 | Withdrawal filed 5/14/08 |
| 07-18651 | Dwight A. Penn | U.S. Bank Nat'l Ass'n, solely as Tr. for the Holder of Bear Stearns Asset Backed Sec. | 1/04/08 | 2/05/08; 3/25/08; 4/15/08 | 3/20/08 | Withdrawal filed 4/14/08 |
| 07-21194 | Sigrid Falcon Zandate | Wash. Mutual Bank, F.A. | 1/11/08 | 2/05/08; 3/25/08; 4/15/08 | 3/20/08 | Withdrawal filed 4/10/08 |
| 07-21348 | Leonardo Q. Marin | Argent Mortgage Co., LLC | 1/03/08 | 2/14/08; 3/25/08 | 3/20/08 | Withdrawal filed 4/10/08 |
| 07-21486 | Vidal Vega | People's Choice Home Loan, Inc. | 1/02/08 | 2/05/08; 3/25/08; 4/15/08 | 3/20/08 | Withdrawal filed 4/14/08 |
| 07-21488 | Benjamin Silva | Bank of America, N.A. | 1/31/08 | 3/11/08 | 2/12/08 | Withdrawal filed 2/28/08 |
| 07-15768 | Clifford Wayne Maddox | Homecoming Fin. Network, Inc. | 1/22/08 | 2/26/08 | 2/12/08 | Withdrawal filed 2/2508 |
| 07-19623 | Billy Ray Michael Brock and Andrea Maria Lomento-Brock | Mortgageit, Inc. | 1/16/08 | 2/26/08 | 2/12/08 | Withdrawal filed 2/2508 |
| 07-19639 | Noel Charros and Ana L. Charros | Argent Mortgage Co. | 12/24/07 | 1/22/08; 2/26/08 | 2/12/08 | Withdrawal filed 2/22/08 |

3

| Case No. | Debtor | Doc No. | Date Filed | Date of Hearing | Date of Order | Disposition |
|---|---|---|---|---|---|---|
| 07-20660 | Kanika Lashaun Johnson | US Bank Nat'l Ass'n, as Tr. | 12/26/07 | 1/22/08; 2/26/08 | 2/12/08 | Withdrawal filed 2/22/08 |
| 07-20689 | Misael Hernandez and Blanca Lilian Hernandez | The Chase Manhattan Bank, as Indenture Tr. | 12/28/07 | 1/22/08; 2/26/08 | 2/12/08 | Withdrawal filed 2/2508 |
| 07-20978 | Louis James Salcido | BNC Mortgage, Inc. | 12/21/07 | 1/22/08; 2/26/08 | 2/12/08 | Withdrawal filed 2/22/08 |
| 07-21055 | Maximino G. Lopez | HSBC Bank USA, Nat. Ass'n, as Tr. for Home Equity Loan Trust Series Ace 2005-HE7 | 12/21/07 | 1/22/08; 2/26/08 | 2/12/08 | Withdrawal filed 2/22/08 |

| | |
|---|---|
| 38 | Withdrawn |
| 3 | Denied |
| 1 | Granted |

4